ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
TYREEN TORNER (State Bar No. 249980)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:    (415) 357-4600
Facsimile:     (415) 357-4605

Attorneys for TYCO ELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BZ

LUIS CONTRERAS, SAUL AVILA,          CV Case No.    5708
CARLOS JARAMILLO, PABLO REYES,
SHAILENDRA SINGH, LESLIE MOORE,
CARLOS GALINDO,

            Plaintiffs,

vs.

TYCO ELECTRONICS CORPORATION, a
Pennsylvania corporation; and DOES 1
through XX,

            Defendants.

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTION 1441,
SUBDIVISIONS (a)-(c) (FEDERAL
QUESTION AND DIVERSITY
JURISDICTION)**

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

20    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21          PLEASE TAKE NOTICE that TYCO ELECTRONICS CORPORATION ("Tyco" or

22    "defendant") hereby removes to the Court the state action described below.

23          1.    On October 9, 2007, an action was commenced in the Superior Court of the State

24    of California, in and for the County of Alameda, entitled Luis Contreras, Saul Avila, Carlos

25    Jaramillo, Pablo Reyes, Shailendra Singh, Leslie Moore, Carlos Galindo v. Tyco Electronics

26    Corporation, a Pennsylvania corporation; and Does I through XX, as Case No. RG07-350205

27    ("Complaint"), and is now pending therein (the "Action"). (A true and correct copy of the

28    Complaint is attached hereto as Exhibit "A.")

1      2.      The first date upon which Tyco received a copy of plaintiffs' Complaint in the

2   Action was October 11, 2007, when Tyco was served with a copy of the Complaint and a

3   summons from the state court.  (True and correct copies of the summons and proof of service of

4   summons are attached hereto as Exhibit "B" and "C," respectively.)

5      3.      Attached hereto as Exhibits "D" and "E," respectively, are the Notice of Judicial

6   Assignment for All Purposes, issued October 10, 2007, and the Notice of Case Management

7   Conference, served on Tyco on October 23, 2007.

8      4.      Exhibits "A" through "E" comprise all process, pleadings and orders served upon

9   defendant in the Action.

10      5.      On November 9, 2007, Tyco answered the Complaint.  (A true and correct copy of

11   the Answer is attached hereto as Exhibit "F.")

12      6.      Plaintiffs' Complaint raises claims for termination in violation of public policy

13   and violation of California Business and Professions Code section 17200, on the basis of Tyco's

14   alleged termination of plaintiffs "in an effort to deny Plaintiffs their full wages and benefits

15   including severance benefits earned by agreement between the parties and California law."  (See

16   Complaint at ¶¶ 15, 17.)  (A true and correct copy of  Tyco's Employee Severance Pay Plan (the

17   "Plan") is attached hereto as Exhibit "G.")  Plaintiffs seek recovery of benefits under the Plan.

18      7.      The Action is a civil action over which this Court has original jurisdiction under

19   28 U.S.C. section 1331, and is one which may be removed to this Court pursuant to the

20   provisions of 28 U.S.C. section 1441, subdivision (b), in that it arises under the Employee

21   Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq*.

22      8.      The Action also is a civil action of which this Court has original jurisdiction

23   pursuant to 28 U.S.C. section 1332, and is one which may be removed to this Court by defendant

24   pursuant to the provisions of 28 U.S.C. section 1441, subdivision (b), in that it is a civil action

25   between citizens of different states and the matter in controversy exceeds the sum of $75,000.00,

26   exclusive of interest and costs, because plaintiffs seek recovery for lost earnings, severance

27   benefits, deferred compensation, employment benefits, lost investment earnings, compensatory

28   damages, costs and punitive damages.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

9.    Defendant is informed and believes that plaintiffs were, at the time of the filing of this action, and still are, citizens of the state of California. Defendant was, at the time of the filing of this action, and still is, a citizen of a different state, having been incorporated in the state of Pennsylvania and having its principal place of business in the state of Pennsylvania. Defendant is the only defendant that has been served summons and complaint in this action.

10.    Tyco requests that the Court accept this Notice of Removal and that the Action pending against it in the Superior Court of the State of California, Alameda County, Case No. RG07-350205, be removed to this Court for all proceedings.

DATED: November 9, 2007                    LAFAYETTE & KUMAGAI LLP

TYREEN G. TORNER
Attorneys for TYCO ELECTRONICS
CORPORATION

N:\Documents\Tyco\Cont\Pldg\Removal\Removal not.docs

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Sent By: Law Offices of John Hi        510 729 6333;        Oct-9-07  2:28PM;

*5649501*

FILED
ALAMEDA COUNTY

2007 OCT -9 PM 3: 55

CLERK OF THE SUPERIOR COURT
BY_____ DEPUTY

1  JOHN E. HILL (Bar No. 45338)
   MICHAEL P. GUTA (Bar No. 121509) •
2  LAW OFFICES OF JOHN E. HILL
   8105 Edgewater Drive, Suite 100
3  Oakland, CA 94621
   Telephone: (510) 588-1000
4  Facsimile:  (510) 729-6333

5  Attorneys for Plaintiffs

6

7              SUPERIOR COURT OF CALIFORNIA

8                  COUNTY OF ALAMEDA

9               UNLIMITED JURISDICTION

10

11  LUIS CONTRERAS, SAUL AVILA,              Case N RG 07 - 350205
    CARLOS JARAMILLO, PABLO REYES,
12  SHAILENDRA SINGH, LESLIE MOORE,          COMPLAINT FOR DAMAGES
    CARLOS GALINDO
13                                           (Termination in Violation of Public
              Plaintiffs,                    Policy, Unfair Business Practices -
14                                           Violation of Bus. & Prof. Code Sec.
    v.                                       17200 )
15
    TYCO ELECTRONICS CORPORATION, a          BY FAX
16  Pennsylvania  corporation; and DOES I
    through XX
17
              Defendant (s).
18

19
    1.    At all times mentioned herein, Plaintiffs LUIS CONTRERAS, SAUL AVILA, CARLOS
20
    JARAMILLO, SHAILENDRA SINGH, were and are residents of State of California, County of
21
    Alameda.
22
    2.    At all times mentioned herein, Plaintiff CARLOS GALINDO  was and is a resident of State
23
    of California, County of San Mateo.
24
    3..    At all times mentioned herein, Plaintiff PABLO REYES  was and is a resident of State of
25
    California, County of Santa Clara.
26
    4.    At all times mentioned herein, Plaintiff LESLIE MOORE  was and is a resident of State of
27

28  070529 3                        1               COMPLAINT FOR DAMAGES:

10570100.tif - 10/9/2007 2:14:55 PM

1   California, County of San Joaquin.

2   5.    At all times mentioned herein, Defendant TYCO ELECTRONICS CORPORATION was a
3   corporation organized and existing under the laws of Pennsylvania, and was doing business in State
4   of California, County of San Mateo.

5   6.    Plaintiff is informed and believes, and thereon alleges, that the true names and capacities,
6   whether individual, associate, corporate or otherwise of Defendants sued herein as Does I to XX,
7   inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.
8   Plaintiff is informed and believes, and thereon alleges, that the Defendants sued herein as "Does" are
9   legally and/or equitably culpable and liable for the actions complained of herein. Plaintiff will seek
10   leave of court to amend his complaint to allege the Does true names and capacities when the names
11   and capacities have been ascertained. At all times herein mentioned, Plaintiff is informed and
12   believes, and upon such basis alleges, that Does I to XX were the agents, servants and/or employees
13   of the other Defendants, and at all times herein mentioned were acting within the course and scope of
14   their agency and employment, and that the acts of each Defendant were ratified by the others.

15
### FIRST CAUSE OF ACTION
#### (Termination in Violation of Public Policy)

16
7.    Plaintiffs incorporate Paragraphs 1 to 6 as though full set forth herein.

17
8.    Beginning in 1999, and continuing until March, 2007, Plaintiff LUIS CONTRERAS was

18
employed by Defendants, and each of them, at their facility in County of San Mateo.

19
9.    Beginning in September, 1997, and continuing until March, 2007, Plaintiff SAUL AVILA

20
was employed by Defendants, and each of them, at their facility in County of San Mateo..

21
10.    Beginning in January, 1991, and continuing until March 2007, Plaintiff CARLOS

22
JARAMILLO was employed by Defendants, and each of them, at their facility in County of San

23
Mateo.

24
11.    .Beginning in October 2005, and continuing until March 2007, Plaintiff PABLO REYES

25
was employed by Defendants, and each of them, at their facility in County of San Mateo.

26
12.    Beginning in 1987, and continuing until March, 2007, Plaintiff SHAILENDRA SINGH

27

28   0705293           2           COMPLAINT FOR DAMAGES:

Case 3:07-cv-05708-BZ   Document 1   Filed 11/09/2007   Page 6 of 33

Sent By: Law Offices of John Hi                510 729 6333;        Oct-9-07  2:29PM;        Page 4

1  was employed by Defendants, and each of them, at their facility in County of San Mateo.

2  13.      Beginning in March, 1986, and continuing until March, 2007, Plaintiff LESLIE MOORE

3  was employed by Defendants, and each of them, at their facility in County of San Mateo.

4  14.      Beginning in February, 1998, and continuing until March, 2007, Plaintiff CARLOS

5  GALINDO was employed by Defendants, and each of them, at their facility in County of Alameda.

6  15.      Plaintiffs were terminated in violation of public policy in an effort to deny Plaintiffs their

7  full wages and benefits including severance benefits earned by agreement between the parties and

8  California law.   The Defendants' conduct was in conscious disregard for Plaintiffs' rights as

9  embodied in the above-cited statutes, causing Plaintiffs humiliation and mental anguish.

10      WHEREFORE, Plaintiffs pray judgment as hereinafter set forth

11                        **SECOND CAUSE OF ACTION**
         **(Unfair Business Practices - Violation of Bus. & Prof. Code Section 17200)**

12

13  16.      Plaintiffs hereby incorporate Paragraphs 1-15 as though fully set forth herein.

14  17.      Defendants' acts were in violation of Business and Professions Code Section 17200, in that

15  they were a direct and proximate result of an unlawful, unfair, or fraudulent business act or practice.

16      WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

17      WHEREFORE, all Plaintiffs pray relief as follows:

18      1.      Compensatory damages;

19      2.      For economic damages including losses incurred in seeking substitute employment

20              and loss of earnings, deferred compensation and other employment benefits, lost

21              investment earnings, together with other economic losses, in an amount to be awarded

22              by the Court;

23      3.      For punitive damages;

24      4.      For costs of suit herein incurred; and

25

26  //

27

28  070529 3                          3                    COMPLAINT FOR DAMAGES:

1    5.    For such other and further relief as the Court may deem proper.

2

3

4    Dated:  10/9/07                      LAW OFFICES OF JOHN E. HILL

5

6

7                                        By:
                                         MICHAEL P. GUTA
                                         Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    0705293                        4                COMPLAINT FOR DAMAGES:

Sent By: Law Offices of John Hill;                510 729 6333;          Oct-9-07  2:29PM

```
*5649497*
```

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation;
and DOES I through XX

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO
REYES, SHAILENDRA SINGH, LESLIE MOORE, CARLOS
GALINDO

FOR COURT USE ONLY
ALAMEDA COUNTY

2007 OCT -9  PM 3: 55

CLERK OF THE SUPERIOR COURT
BY _____
            DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>Alameda Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER *(Número del Caso):* **07 - 350205** |

BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael P. Guta, SBN 121509, c/o LAW OFFICES OF JOHN E. HILL, A Professional Corporation, 8105
Edgewater Drive, Suite 100, Oakland, CA 94621, (510) 588-1000

PAT S. SWEETEN

DATE:                                  Clerk, by _____, Deputy
*(Fecha)*    OCT 0 9 2007            *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

10570100.tif - 10/9/2007 2.14.55 PM

# Exhibit B

 


*6035810*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael P Guta, 121509<br>LAW OFFICE OF JOHN E HILL<br>8105 Edgewater Dr Suite 100<br>Oakland, CA 94621<br>TELEPHONE NO.: (510) 729-6330<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>**ALAMEDA COUNTY**<br>OCT 1 5 2007<br>CLERK OF THE SUPERIOR COURT<br>By: |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of Alameda County<br>1225 Fallon St. #209<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: LUIS CONTRERAS, et al.<br><br>DEFENDANT/RESPONDENT: TYCO ELECTRONICS CORPORATION | CASE NUMBER:<br>RG07350205 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Contreras |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, ADR Information Package

**BY FAX**

3. a. Party served: TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation

   b. Person Served: CT Corp, Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served: 818 WEST SEVENTH STREET
   LOS ANGELES, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* October 11, 2007      (2) at *(time):* 3:20 pm
6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:


   TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation

   under:      CCP 416.10 (corporation)

7. Person who served papers
   a. Name:          Jimmy Lizama
   b. Address:       One Legal, Inc. - 132-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 14.95
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: October 15, 2007

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]      **PROOF OF SERVICE OF SUMMONS**      Code of Civil Procedure, § 417.10

FF# 6649860

# Exhibit C

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number:RG07350205
Case Title:   Contreras VS Tyco Electronics Corporation, a Pennsylvania Co
Date of Filing: 10/09/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**This case is hereby assigned for all purposes to:**

| | |
|---|---|
| **Judge:** | **Kenneth Mark Burr** |
| **Department:** | **30** |
| **Address:** | **U.S. Post Office Building** |
| | **201 13th Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 208-3926** |
| **Fax Number:** | **(510) 267-1510** |
| **Email Address:** | **Dept.30@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Kenneth Mark Burr
DEPARTMENT 30

# Exhibit D    Page 1 of 3

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

A courtesy copy of all filed briefs must be delivered directly to Department 30.

### Schedule for Department 30

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Court Trials: Mondays through Thursdays at 9:45 a.m.
- Jury Trials: Mondays through Thursdays at 9:45 a.m.
- Master Trial Calendar: Fridays at 9:30 a.m.
- Case Management Conferences are held:  Initial Case Management Conferences: Fridays at 9:15 a.m., 9:45 a.m., 10:45 a.m. and 11:15 a.m.
- Case Management Conference Continuances: Mondays through Thursdays at 9:15 a.m.
- Law and Motion matters are heard:  Tuesdays and Wednesdays at 9:30 a.m.
- Settlement Conferences are heard:  Fridays at 9:30 a.m., 10:00 a.m. and 10:30 a.m.
- Ex Parte matters are heard:  Tuesdays and Thursdays at 9:00 a.m.
- For time-sensitive emergency applications, contact the Court by email to receive instructions on when the matter may be heard.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.30@alameda.courts.ca.gov

  Reservations by email only.

- Ex Parte Matters
  Email:        Dept.30@alameda.courts.ca.gov

  Reservations by email only.

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings

will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 30
- Phone: 1-866-223-2244

Dated: 10/10/2007

Executive Officer / Clerk of the Superior Court

By    *Barbara Cofortlett*

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/11/2007

By    *Barbara Cofortlett*

Deputy Clerk

1 | JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)

2 | LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100

3 | Oakland, CA 94621
Telephone: (510) 588-1000

4 | Facsimile: (510) 729-6333

5 | Attorneys for Plaintiffs

**FILED**
ALAMEDA COUNTY

OCT 2 5 2007

CLERK OF THE SUPERIOR COURT
By _____

6

7 | SUPERIOR COURT OF CALIFORNIA

8 | COUNTY OF ALAMEDA

9 | UNLIMITED JURISDICTION

10

11 | LUIS CONTRERAS, SAUL AVILA,
CARLOS JARAMILLO, PABLO REYES,

12 | SHAILENDRA SINGH, LESLIE MOORE,
CARLOS GALINDO

13 | Plaintiffs,

14 | v.

15 | TYCO ELECTRONICS CORPORATION, a
Pennsylvania corporation; and DOES I

16 | through XX

17 | Defendant (s).

Case No. RG07350205

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**BY FAX**

18 | TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

19 | PLEASE TAKE NOTICE that the Court has set a Case Management Conference in the

20 | within matter for February 29, 2008 at 9:15 a.m. in Department 30 of the above-entitled Court.

21

22 | Dated: 10/23/07

23

24

25

26

27

LAW OFFICES OF JOHN E. HILL

By: _____
MICHAEL P. GUTA
Attorneys for Plaintiffs

28 | 071022 1                    1                    COMPLAINT FOR DAMAGES:

**Exhibit E**

## PROOF OF SERVICE

I, Michael R. Sher, do hereby declare as follows:

I am employed in the City of Oakland and the County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Law Offices of John E. Hill, 8105 Edgewater Drive, Suite 100, Oakland, California 94621.

On ___10/25___, 2007, I served the within: NOTICE OF CASE MANAGEMENT CONFEDRENCE, by placing a true copy thereof in a sealed envelope, addressed as follows:

Gary Lafayette, Esq.
C/o LAFAYETTE & KUMAGAI
100 Spear Street, Ste 600
San Francisco, CA 94105
(415) 357-4600
Fax: (415) 357-4605

___X___ (By Mail) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.
_____ (By Personal Service) I caused each such envelope to be delivered by hand to the offices of each addressee above.
_____ (Telecopier) I caused each such document to be delivered by telecopier to the offices of each addressee above.
_____ (Federal Express Mail) I caused each such document to be delivered by hand to the offices of each addressee by Federal Express, over night service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/25___, 2007, at Oakland, California.

MICHAEL R. SHER

071022 1                                   2                    COMPLAINT FOR DAMAGES:

10570665.tif - 10/25/2007 9.55.59 AM

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
TYREEN G. TORNER (State Bar No. 249980)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
TYCO ELECTRONICS CORPORATION

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, CARLOS GALINDO,<br><br>Plaintiffs,<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation; and DOES 1 through XX,<br><br>Defendants. | Case No. RG 07 350205<br><br>**ASSIGNED FOR ALL PURPOSES TO:**<br>**KENNETH MARK BURR**<br>**DEPT: 30**<br><br>**ANSWER OF TYCO ELECTRONICS CORPORATION TO COMPLAINT FOR DAMAGES**<br><br>Complaint filed:    October 9, 2007 |

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Defendant TYCO ELECTRONICS CORPORATION ("Defendant") answers the

unverified Complaint of Plaintiffs LUIS CONTRERAS, SAUL AVILA, CARLOS

JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, and CARLOS

GALINDO ("Plaintiffs") as follows:

1.       Pursuant to the provisions of California Code of Civil Procedure section 431.30, this

answering Defendant denies each and every allegation of the Complaint and the whole and each

alleged cause of action thereof. Defendant further denies that Plaintiffs sustained damages in the

sum or sums alleged, or in any sums at all, by reason of any act, breach, or omission on the part of

this answering Defendant.

///

///

# **Exhibit F**

ANSWER OF TYCO ELECTRONICS CORPORATION TO COMPLAINT FOR DAMAGES          1
(Case No. RG 07 350205)

1

### FIRST AFFIRMATIVE DEFENSE

2    2.    As a first, separate and affirmative defense, Defendant asserts that Plaintiffs fail to

3    state a claim upon which relief can be granted.

4

### SECOND AFFIRMATIVE DEFENSE

5    3.    As a second, separate and affirmative defense, Defendant asserts that the

6    Complaint, and/or each claim for relief contained therein, is barred in that Plaintiffs failed to

7    exhaust the administrative remedies available under the Tyco Electronics Corporation Employee

8    Severance Pay Plan ("the Plan").

9

### THIRD AFFIRMATIVE DEFENSE

10    4.    As a third, separate and affirmative defense, Defendant asserts that Plaintiffs are

11    barred and precluded from relief because Plaintiffs failed to properly mitigate the alleged

12    damages, if any.

13

### FOURTH AFFIRMATIVE DEFENSE

14    5.    As a fourth, separate and affirmative defense, Defendant asserts that all actions

15    taken by Defendant would have been taken in any event based on after-acquired evidence, and

16    the Complaint is either entirely barred or the alleged damages should be reduced accordingly.

17

### FIFTH AFFIRMATIVE DEFENSE

18    6.    As a fifth, separate and affirmative defense, Defendant asserts all of Plaintiffs'

19    claims are preempted by ERISA.

20

### SIXTH AFFIRMATIVE DEFENSE

21    7.    As a sixth, separate and affirmative defense, Defendant asserts that the Complaint,

22    and/or each claim for relief contained therein, is barred in that Plaintiffs are not eligible for

23    benefits under the terms and conditions of the Plan.

24

### SEVENTH AFFIRMATIVE DEFENSE

25    8.    As a seventh, separate and affirmative defense, Defendant asserts that any

26    purported claim by Plaintiffs for benefits under the Plan is barred because all benefits under the

27    terms of the Plan have been provided and all payments due under the terms of the Plan have been

28    paid.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

## EIGHTH AFFIRMATIVE DEFENSE

2      9.     As an eighth, separate and affirmative defense, Defendant asserts that the

3   Complaint, and/or each of claim for relief contained therein, is barred in whole or in part by any

4   and all applicable statutes of limitations.

5

## NINTH AFFIRMATIVE DEFENSE

6      10.     As a ninth, separate and affirmative defense, Defendant asserts that the Complaint,

7   and/or each claim for relief contained therein, is barred by Plaintiffs' failure to comply with the

8   internal deadlines set forth in the Plan.

9

## TENTH AFFIRMATIVE DEFENSE

10     11.     As a tenth, separate and affirmative defense, Defendant asserts that Plaintiffs are

11   not entitled to punitive damages.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13     12.     As an eleventh, separate and affirmative defense, Defendant asserts that Plaintiffs

14   are not entitled to compensatory damages.

15

## TWELFTH AFFIRMATIVE DEFENSE

16     13.     As a twelfth, separate and affirmative defense, Defendant asserts that the

17   Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the

18   doctrine of laches.

19

## THIRTEENTH AFFIRMATIVE DEFENSE

20     14.     As a thirteenth, separate and affirmative defense, Defendant asserts that the

21   Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the

22   doctrine of estoppel.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24     15.     As a fourteenth, separate and affirmative defense, Defendant asserts that the

25   Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the

26   doctrine of waiver.

27   ///

28   ///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**FIFTEENTH AFFIRMATIVE DEFENSE**

16.     As a fifteenth, separate and affirmative defense, Defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

17.     As a sixteenth, separate and affirmative defense, Defendant asserts that any injury to Plaintiffs was caused wholly or in part by Plaintiffs' conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18.     As a seventeenth, separate and affirmative defense, Defendant asserts that no conduct by or attributable to Defendant was the cause in fact or proximate cause of any injury allegedly suffered by Plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19.     As an eighteenth, separate and affirmative defense, Defendant asserts that Plaintiffs are barred from asserting the claims alleged to the extent the claims relied upon for relief are moot.

**NINETEENTH AFFIRMATIVE DEFENSE**

20.     As a nineteenth, separate and affirmative defense, Defendant asserts that Plaintiffs are barred from asserting the claims alleged to the extent Plaintiffs lack standing.

**TWENTIETH AFFIRMATIVE DEFENSE**

21.     As a twentieth, separate and affirmative defense, Defendant asserts that any award of benefits to Plaintiffs should be offset by any other earnings, benefits and/or income received by Plaintiffs (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, and/or benefits from the Social Security Administration or the state), and/or should be offset by any damages caused by Plaintiffs to Defendant, including any unjust enrichment to Plaintiffs by virtue of fraud.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

22.     As a twenty-first, separate and affirmative defense, Defendant asserts that Defendants are entitled to attorneys' fees pursuant to 29 U.S.C. section 1132, subd. (g).

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2      23.    As a twenty-second, separate and affirmative defense, Defendant asserts that

3   Defendant's actions or statements were based on good, sufficient and legal cause, upon

4   reasonable grounds for belief in their truth or justification, and were taken or said in good faith

5   and without malice.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7      24.    As a twenty-third, separate and affirmative defense, Defendant asserts that if and

8   to the extent Defendant had obligations with respect to Plaintiffs' employment or the benefits

9   related to that employment, performance was prevented or excused due to the conduct, acts and

10   refusals to act on Plaintiffs' part.

11

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12      25.    As a twenty-fourth, separate and affirmative defense, Defendant asserts that

13   Defendant's duties, if any, to Plaintiffs have been discharged by Plaintiffs' breach of the terms of

14   Plaintiffs' employment.

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16      26.    As a twenty-fifth, separate and affirmative defense, Defendant asserts that

17   Defendant and its agents at all relevant times acted and conducted themselves as would a prudent

18   person familiar with such matters.

19

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

20      27.    As a twenty-sixth, separate and affirmative defense, Defendant asserts that

21   Defendant and its agents at all relevant times acted and conducted themselves in accordance with

22   the documents and instruments governing the Plan insofar as such documents and instruments

23   were and are consistent with the provisions of ERISA.

24

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25      28.    As a twenty-seventh, separate and affirmative defense, Defendant asserts that

26   Defendant and its agents at all relevant times acted and conducted themselves solely in the

27   interest of the participants and beneficiaries of the Plan.

28   ///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2    29.    As a twenty-eighth, separate and affirmative defense, Defendant asserts that the

3    Complaint is uncertain, ambiguous and unintelligible.

4

## TWENTY-NINTH AFFIRMATIVE DEFENSE

5    30.    As a twenty-ninth, separate and affirmative defense, Defendant asserts that

6    Plaintiffs' claim for injunctive remedies, including but not limited to claims pursuant to Business

7    and Professions Code section 17200 *et seq.*, are barred because Plaintiffs have an adequate

8    remedy at law for the alleged conduct.

9

## THIRTIETH AFFIRMATIVE DEFENSE

10    31.    As a thirtieth, separate and affirmative defense, Defendant asserts that its alleged

11    conduct was not unlawful, unfair, fraudulent, nor likely to mislead within the meaning of

12    Business and Professions Code section 17200 *et seq*.

13

## THIRTY-FIRST AFFIRMATIVE DEFENSE

14    32.    As a thirty-first, separate and affirmative defense, Defendant asserts that any

15    actions alleged by Plaintiffs to have been made or done by Defendant, were made or done after

16    investigation and on the basis of reasonable grounds, with an honest belief in their truth or

17    correctness, in good faith and without malice.

18

## THIRTY-SECOND AFFIRMATIVE DEFENSE

19    33.    As a thirty-second, separate and affirmative defense, Defendant asserts that

20    Plaintiffs failed to use ordinary care and diligence in the performance of their duties and,

21    therefore, their claims are barred by Labor Code section 2854.

22

## THIRTY-THIRD AFFIRMATIVE DEFENSE

23    34.    As a thirty-third, separate and affirmative defense, Defendant asserts that the

24    adverse employment actions of which Plaintiffs complain were for legitimate business reasons

25    and were taken in good faith.

26    ///

27    ///

28    ///

ANSWER OF TYCO ELECTRONICS CORPORATION TO COMPLAINT FOR DAMAGES                6
(Case No. RG 07 350205)

1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

2    35.    As a thirty-fourth, separate and affirmative defense, Defendant asserts that

3    Plaintiffs were discharged with just cause and said terminations were not in violation of any

4    federal or state statute.

5

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

6    36.    As a thirty-fifth, separate and affirmative defense, Defendant asserts that it did not

7    ratify or approve any wrongful conduct.

8

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

9    37.    As a thirty-sixth, separate and affirmative defense, Defendant asserts that

10    Plaintiffs' claims are barred to the extent Plaintiffs fail to join necessary and indispensable

11    parties.

12

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

13    38.    As a thirty-seventh, separate and distinct affirmative defense, Defendant asserts

14    that Plaintiffs' claim for punitive damages seeks a remedy that is unconstitutional in that, among

15    other things, it is void for vagueness, violates of the equal protection clause, violates the due

16    process clause, is an undue burden on interstate commerce and violates the Eighth Amendment

17    proscription against excessive fines.

18

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

19    39.    As a thirty-eighth, separate and affirmative defense, Defendant asserts that this

20    action cannot be maintained because statutory prerequisites have not been fulfilled.

21

### COMPLAINT – PRAYER FOR RELIEF

22    With regard to Plaintiffs' prayer for relief, Defendant denies that such relief is either

23    appropriate or justified in the circumstances of this case.

24    WHEREFORE, Defendant prays:

25    1.    The Plaintiffs take nothing by the Complaint; and

26    2.    That judgment be entered in favor of Defendant, and against Plaintiffs, on each

27    claim contained in the Complaint; and

28    3.    That the Complaint be dismissed in its entirety, with prejudice; and

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

---

ANSWER OF TYCO ELECTRONICS CORPORATION TO COMPLAINT FOR DAMAGES    7
(Case No. RG 07 350205)

1    4.    That Defendant be awarded costs of suit incurred herein, and

2    5.    That Defendant be awarded reasonable attorneys' fees; and

3    6.    For such other and further relied as this Court may deem just and proper.

4

5    DATED: November 9, 2007                    LAFAYETTE & KUMAGAI LLP

6

7                                              TYREEN G. TORNER
                                               Attorneys for Defendant
8                                              TYCO ELECTRONICS CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On November 9, 2007, I served the document named below on the parties in this action as follows:

**ANSWER OF TYCO ELECTRONICS CORPORATION TO COMPLAINT FOR DAMAGES**

____ (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_X_ (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below.

____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

John E. Hill, Esq.
Michael P. Guta, Esq.
Law Offices of John E. Hill
8105 Edgewater Drive, Suite 100
Oakland, California 94621

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___November 9, 2007_____ , at San Francisco, California.

Linda L. Rich

Linda L. Rich

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## TYCO ELECTRONICS CORPORATION
## EMPLOYEE SEVERANCE PAY PLAN

Tyco Electronics Corporation ("the Company"), hereby adopts the Tyco Electronics Corporation Employee Severance Pay Plan. This Plan amends, restates and supersedes any existing or any other policy or plan providing for the payment of severance benefits for any employee of the Company, including but not limited to the severance plan effective May 1, 2001, and revised February 18, 2002. Except as provided herein, this Plan shall exclusively govern the rights, if any, of persons terminating employment with the Company. Furthermore, unless expressly provided in writing pursuant to a purchase agreement or other applicable document, the provisions of this Plan shall govern the provision of severance pay to all employees of the Company, notwithstanding any provision to the contrary in any plan or policy of severance benefits sponsored by any other employer acquired by the Company.

### SECTION 1

### DEFINITIONS

The following words and phrases as used in this Plan shall have the meanings set forth in this Section, unless a different meaning is clearly required by the context:

1.01    Act - The Employee Retirement Income Security Act of 1974, as amended from time to time, and reference thereto shall include all valid rules and regulations issued thereunder.

1.02    Base Salary - With respect to an Eligible Employee, the annualized amount of regular salary payable from the Employer to the Eligible Employee, calculated using the Eligible Employee's stated rate of pay at the time the Eligible Employee's job is eliminated due to a Job Elimination. Base Salary shall not include bonuses, overtime pay, premium or shift differential pay, commissions, allowances, the value of any employee benefits, or any other type of compensation. A "week of salary" shall mean Base Salary divided by fifty-two (52).

1.03    Code - The Internal Revenue Code of 1986, as amended from time to time, and reference thereto shall include the valid rules and regulations issued thereunder.

1.04    Employee - Any person who is employed by the Company, and whose employment is characterized by the Employer as that of common law employee. The term "Employee" does not include any person who is categorized by the Employer (whether or not correctly) as an independent contractor or leased employee.

1.05    Eligible Employee - An Employee employed by an Employer at the time of an event constituting a Job Elimination. The term Eligible Employee does not, however, include any Employee who voluntarily terminates his employment with the Employer; is terminated for cause or unsatisfactory work performance; is covered by a collective bargaining agreement or by any severance agreement(s) other than under this Plan; whose employment terminates due to death or disability; or fails to return to work following a leave of absence (paid or unpaid); or except as specifically provided for in Section 1.9, refuses a transfer or offer of work. The term Eligible Employee does not include any retiree.

1.06    Employer - The Company, or any successor business organization which shall assume the obligations of this Plan, and any subsidiary or Business Unit of the Company.

1

198394

# Exhibit G

1.07    <u>Full-Time Employee</u> -    An Eligible Employee who is regularly scheduled to work at least thirty (30) hours per week. The term Eligible Employee does not include co-op students or temporary employees.

1.08    <u>Job Elimination</u> - The elimination of an Eligible Employee's job or position. For purposes of this Plan, the following events will be treated as a Job Elimination, subject to the conditions set forth in this Section: (a) a reduction in force of the Employer pursuant to which an Eligible Employee's employment with the Employer is terminated; (b) the Employer's closing of the facility at which an Eligible Employee is employed, unless the Employee is offered continued employment by the Employer at a facility less than 50 miles from the closed facility; or (c) the relocation of the Eligible Employee's job to a site more than 50 miles from the site of the Eligible Employee's present employment.

An event will not be treated as a Job Elimination, however, if the affected Eligible Employee is employed immediately following the event by the Employer, or by a successor, purchaser or affiliated employer, at an annual salary or annual rate of pay equal to or greater than 80% of his Base Salary for the 12-month period ending on the date of the event. For purposes of the foregoing sentence, Base Salary shall include amounts earned with a prior employer during the 12-month period ending on the date of the event, if and only if, the Eligible Employee's employment with the Company resulted from the prior employer's acquisition by the Company. For purposes of determining the applicability of this Section, consulting and other contractual arrangements between a Participant and the Company, the Employer, or a successor, will be treated as employment whether or not the arrangements satisfy the common law standards for finding that an employer-employee relationship exists.

1.09    <u>Name of Plan</u> - The Tyco Electronics Corporation Employee Severance Pay Plan.

1.10    <u>Participant</u> - Any Eligible Employee who has met the requirements of Section 2 for participation hereunder.

1.11    <u>Part-Time Employee</u> - Any Eligible Employee who is not a Full-Time Employee under the definition in Section 1.08.

1.12    <u>Plan Administrator</u> - The person or persons appointed by the Company to serve as the Administrator, as that term is defined by the Act, of the Plan, and if no other such person is expressly so appointed, the Company's Vice President, Global Human Resources.

1.13    <u>Plan Year</u> - The twelve (12) month accounting period which begins on January 1 and ends on December 31.

1.14    <u>Year of Service</u> - A one year period commencing on the date the Eligible Employee first became an Employee of the Company (regardless of any service with another employer which may have been acquired by the Company), and each one year period commencing on an anniversary of the Eligible Employee's date of hire during which the Eligible Employee is employed continuously as an Eligible Employee, rounded up to the next whole number. In the Plan Administrator's sole and absolute discretion, in the case of an Eligible Employee who has terminated employment and been rehired, the Plan Administrator may apply this definition based on a date of hire that has been adjusted to reflect the Eligible Employee's periods of service, provided, however, that no period of service shall be used to compute Basic Severance Pay under this Plan if such period of service was taken into account in determining any form of severance benefit paid because of a previous termination of employment with any Employer.

2

198394

## SECTION 2

### PARTICIPATION

2.01    <u>Participation</u> - An Eligible Employee shall become a Participant at the time his or her employment with the Employer terminates because of a reduction in force or other Job Elimination.

2.02    <u>Effect of Other Severance Pay</u> - Nothing in this Plan shall prohibit an Employer from providing severance pay to an Employee under an agreement between the Employee and the Employer outside the scope of this Plan. In the event that an Employee receives severance pay under such an agreement (or under another plan), that Employee shall not be eligible for any benefit hereunder relative to the same Job Elimination.

## SECTION 3

### SEVERANCE PAY BENEFITS

3.01    <u>Severance Pay</u> - Participants who suffer an involuntary termination of employment because of a Job Elimination, who do not receive severance pay under a plan or agreement other than this Plan, who sign a release in a form acceptable in the sole and absolute discretion of the Administrator, and who do not revoke that release within the time provided (if any) under its terms, will receive Basic Severance Pay, as hereafter provided.

3.02    <u>Amount of Severance Pay</u> - Subject to Sections 3.03 and 3.04 of the Plan, after a Participant's employment with the Company terminates because of the Reduction in Force or other Job Elimination, the Participant shall be entitled to Basic Severance Pay as follows:

(a)    Full-Time Employees whose Base Salary is $50,000 or less at the time of the event shall receive one (1) week of Base Pay for each Year of Service, with a minimum of two (2) weeks of Base Pay and a maximum of twenty-six (26) weeks of Base Pay.

(b)    Full-Time Employees whose Base Salary is more than $50,000, but less than $100,000, at the time of the event shall receive one and one-half (1.5) weeks of Base Pay for each Year of Service, with a minimum of four (4) weeks of Base Pay and a maximum of thirty-nine (39) weeks of Base Pay.

(c)    Full-Time Employees whose Base Salary exceed $100,000 at the time of the event shall receive one and one-half (1.5) weeks of Base Pay for each Year of Service, with a minimum of twelve (12) weeks of Base Pay and a maximum of fifty-two (52) weeks of Base Pay.

(d)    Part-Time Employees who are designated by the Employer to receive benefits hereunder shall receive benefits, if any, calculated by the Plan Administrator in accordance with a formula to be provided by the Employer. No Part-Time Employee shall receive any benefit hereunder until his Employer, in the Employer's sole and absolute discretion as his employer, notifies the Plan Administrator of his eligibility for benefits and provides (in its sole and absolute

3

198394

discretion as the Employer of such Part-Time Employee) the Plan Administrator with the formula for calculating the amount of any such benefits. The Administrator shall not pay any benefit hereunder to any Part-Time Employee unless and until the Employer of such Part-Time Employee both designates the Part-Time Employee as eligible for benefits, and provides the Plan Administrator with the formula for calculating such benefits. An Employer's failure or refusal to identify a Part-Time Employee as entitled to benefits or to provide the Plan Administrator with a formula for computing the amount of such benefits shall be an absolute bar to any claim for benefits hereunder.

3.03    Timing and Amount of Severance Pay Installments - The amount of a Participant's Severance Pay shall be paid to the Participant in installments, on a schedule as nearly as practicable the same as the schedule on which the Participant would have received his or her regular salary paycheck from the Employer had the Participant remained in the employ of the Employer. The amount of each installment of Severance Pay that shall be paid to the Participant shall be as nearly as practicable equal to the amount of the regular salary reflected in the paycheck the Participant received immediately prior to the termination of the Participant's employment with the Employer, less any deductions authorized by the Participant and less any amount deemed by the Plan Administrator, in his sole discretion, to be required to be withheld or paid for Federal, State, and Social Security taxes. Subject to Section 3.04 of the Plan, the installments of Severance Pay, as hereinbefore provided, shall continue to be paid to the Participant until the entire amount of Severance Pay, as provided in Section 3.02 of the Plan, has been paid to the Participant. Notwithstanding anything in this Plan to the contrary, no installment of Severance Pay shall be payable under this Plan until any revocation period applicable to the release identified in Section 3.01 above has expired without the Participant having revoked that release.

3.04    Cessation of Installment Payments of, or Reduction in, Severance Pay - Notwithstanding anything in the Plan to the contrary, if a Participant dies before receiving the entire amount of his or her Severance Pay, no amount of Severance Pay, in excess of the sum of installments of Severance Pay that has been paid to the Participant through the date of the Participant's death, shall be paid to any person (including the Participant, the Participant's estate, and the Participant's heirs) after the Participant's death, and any unpaid amount of the Participant's Severance Pay will be forfeited.

Notwithstanding anything in the Plan to the contrary, if a Participant is reemployed by the Company, the Employer, or a successor, at an annual salary or an annual rate of pay equal to or greater than 80% of his Base Salary for the year immediately preceding his termination of employment with an Employer before receiving the entire amount of Basic Severance Pay provided for under Section 3.02 of the Plan, no amount of Basic Severance Pay, in excess of the sum of installments of Basic Severance Pay that has been paid to the Participant through the date the Participant becomes so reemployed, shall be paid to the Participant after the Participant becomes so employed, and any unpaid amount of the Participant's Basic Severance Pay will be forfeited. For purposes of the foregoing sentence, consulting and other contractual arrangements between the Participant and the Company, the Employer, or a successor, will be treated as employment regardless of whether such arrangement satisfies the common law standards for finding that an employer-employee relationship exists.

3.05    Unfunded Plan - The obligations of the Employer under this Plan shall be paid from the Employer's general assets, and unless required by law, no amount needs to be held in a trust or otherwise to fund the benefits. Nothing contained in this Plan shall give a Participant any right, title or interest in any property of the Company, the Employer or any successor.

4

198394

## SECTION 4

### CLAIMS PROCEDURES

4.01    Claims Procedure - If a Participant or other person believes that he is entitled to benefits under the Plan which are not being paid to him or which are not being credited to his account, he may file a written claim with the Plan Administrator (thereby becoming a "Claimant") and the Plan Administrator shall decide whether the claim shall be allowed or denied in whole or in part. In the event that the Plan Administrator shall wholly or partially deny the claim for benefits made by any claimant, written notice of such denial shall be furnished to the Claimant within thirty (30) days following receipt of the claim by the Plan Administrator. Such notice shall be worded in a manner calculated to be understood by the average Plan Participant and shall set forth: (i) the specific reason or reasons for the denial; (ii) specific reference to pertinent Plan provisions on which the denial is based; (iii) a description of any additional material or information necessary for the Claimant to perfect the claim and an explanation of why such material or information is necessary; and (iv) an explanation of the Plan's claim review procedure.

Within sixty (60) days following receipt of such notice by the Claimant, or within sixty (60) days following the close of the above-mentioned thirty (30) day period if the claim is not allowed and such notice is not received within such thirty (30) day period, the Claimant may appeal denial of the claim by filing in writing with the Plan Administrator a written application for review. The Plan Administrator shall fully and fairly review the decision denying the claim, taking into account all comments, documents, records, and other information submitted by the Claimant relating to the claim, without regard to whether that information was submitted or considered as part of the initial benefit determination. Prior to the decision of the Plan Administrator, the Claimant shall be given an opportunity to review pertinent documents and to submit issues and comments in writing. If the Claimant so requests, he will be provided, without charge, reasonable access to, and copies of, all documents, records, and other information relevant to the Claimant's claim for benefits.

The Plan Administrator shall make its decision regarding the merits of the claim promptly, and within sixty (60) days following receipt by the Plan Administrator of the request for review (or within one hundred twenty (120) days after such receipt, in a case where there are special circumstances requiring extension of time for processing the claim and notice of such special circumstances has been given to the Claimant during the original sixty (60) day period), shall deliver its decision to the Claimant in writing. Such decision shall set forth specific reasons for the decision, shall be worded in a manner calculated to be understood by the Claimant, and shall cite specific references to the pertinent Plan provisions on which the decision is based.

## SECTION 5

### ADMINISTRATION OF PLAN

5.01    Named Fiduciaries - The Plan Administrator is the only Named Fiduciary of the Plan. The Company, as Plan Sponsor, reserves the right to appoint a Plan Administrator other than the Company, and to appoint other persons as fiduciaries of the Plan as it deems necessary or advisable. Unless the Company appoints another person to serve as the Plan Administrator, the Company shall serve as the Plan Administrator.

5.02    Responsibilities of the Plan Administrator or Other Fiduciaries of the Plan - The Plan Administrator (and to the extent the Company appoints additional fiduciaries of the Plan, such other

5

198394

fiduciaries) shall have only those specific powers, duties, responsibilities and obligations as are specifically given them under this Plan. In general, the Company shall have the sole authority to appoint and remove the Plan Administrator and other fiduciaries of the Plan, and the sole authority, in its sole and absolute discretion as Plan Sponsor, to amend or terminate, in whole or in part, this Plan at any time for any or no reason.

The Plan Administrator shall have the sole responsibility, in its sole and absolute discretion, of interpreting the provisions of the Plan, determining the rights of Participants and Beneficiaries under the Plan, determining any issues of fact on which entitlement to benefits under this Plan may depend, directing the distribution of assets, and administering the Plan in accordance with its terms, except to the extent that powers to administer the Plan are specifically delegated in the Plan to another Named Fiduciary or other person or persons, and any decision of the Plan Administrator (or other Plan fiduciary, to the extent that such decision-making authority is delegated to such fiduciary) shall be final and binding on all persons.

The Plan Administrator shall have the sole responsibility of filing such reports as may be required with the United States Department of Labor, the Internal Revenue Service, and any other governmental agencies to which reports may be required to be submitted from time to time, to comply with requirements of law for disclosure of Plan provisions and other information relating to the Plan to Participants and other interested parties, and to administer the claims procedures as provided in Section 7.01.

Each Fiduciary may rely upon any such direction, information or action of another Fiduciary as being proper under the Plan, and is not required under the Plan to inquire into the propriety of any such direction, information or action. It is intended under the Plan that each Fiduciary shall be responsible for the proper exercise of its powers, duties, responsibilities, and obligations under the Plan and, except as otherwise provided in the Act, a Fiduciary shall not be responsible or liable for an act or omission of another Fiduciary with respect to fiduciary responsibilities allocated to such other Fiduciary.

5.03    Administrative Powers - The Plan Administrator shall administer the Plan in accordance with its terms and shall have all powers necessary to carry out the provisions of the Plan, except to the extent any of such obligations are specifically imposed on the Board of Directors of the Employer. Without limiting the generality of the foregoing, the Plan Administrator shall have the powers:

(a)    To make and publish such rules and regulations as it may deem necessary to carry out the provisions of the Plan;

(b)    To determine all questions arising in the administration, interpretation and application of the Plan, including questions of eligibility of Employees and of the status and rights of Participants, Beneficiaries and any other persons hereunder;

(c)    To resolve any disputes arising hereunder; and

(d)    To administer such other powers with respect to the administration of the Plan as may be conferred upon the Plan Administrator.

The determination of the Plan Administrator as to any questions arising hereunder shall be conclusive and binding on all persons.

6

198394

In the administration of the Plan, the Plan Administrator shall discharge its duties with respect to the Plan solely in the interest of the Participants and their Beneficiaries, and for the exclusive purpose of providing benefits to the Participants and their Beneficiaries. In the performance of its duties and the discharge of its responsibilities, the Plan Administrator shall act with the care, skill, prudence and diligence under the circumstances then prevailing, that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of like character and similar aids.

5.04     Employment of Consultants - The Plan Administrator shall have the power to obtain legal, accounting, medical and actuarial advice and assistance as it deems necessary or desirable in discharging its responsibilities under the Plan and shall have the right to appoint or employ such other advisors or assistants as it deems necessary or desirable and delegate to them such administrative or other duties and responsibilities under the Plan as it shall determine. Any person or organization employed and appointed by the Plan Administrator to provide services or advice in connection with the administration of the Plan shall be of its own selection and shall be independent of the control of the Employer and shall be duly qualified and licensed to practice their profession.

5.05     Accounts and Records - The Plan Administrator and those to whom it has delegated responsibilities under the Plan shall keep a record of all their proceedings and actions and shall maintain all such books of account, records and other data as may be necessary for the proper administration of the Plan. The Plan Administrator shall appropriately notify the Employer, and when required or desired, any other interested party or parties, of any action taken by it.

5.06     Reports by the Plan Administrator - The Plan Administrator shall file or cause to be filed with the Secretary of Labor, the Internal Revenue Service or other duly authorized Federal or State agency or authority, in the form and manner and within the time prescribed, such reports, statements, documents and other information as may be required by the Code and the Act.

5.07     Assistance by the Employer - The Employer agrees to furnish the Plan Administrator with such clerical assistance on a full-time or part-time basis as shall from time to time be reasonably necessary to assist in the administration of the Plan.

5.08     Expense of Administration - Any expense incurred by the Plan and the Plan Administrator in the administration of the Plan, including but not limited to, fees of counsel, accountants and other consultants, shall be paid by the Employer.

5.09     Actions by the Company - Any act that may be undertaken or performed by the Company under the Plan may be done by resolution of the Company's Board of Directors, or by action of an appropriate officer of the Company, or by such other person as the Board of Directors may delegate authority, by the execution of a writing constituting or memorializing such act.

7

198394

## SECTION 6

## AMENDMENT AND TERMINATION

6.01    Amendment of the Plan - The Company reserves the absolute right to amend or modify this Plan at any time, or from time to time, for any reason or no reason.  The Company may, in its sole and absolute discretion, by any action in accordance with Section 5.11, amend or modify this Plan in whole or in part, as it may deem necessary or advisable, without the consent of any Employee or Participant.  Notwithstanding anything in the Plan to the contrary, if the Plan is amended, Benefits shall be paid to Participant in accordance with the terms of the Plan, as amended.

6.02    Termination of Plan - The Company reserves the absolute right, in its sole and absolute discretion, by action in accordance with Section 5.11, to terminate the Plan, in whole or in part, at any time, with or without the consent of any Participant.  Notwithstanding anything in the Plan to the contrary, no Employee will become a Participant and no Benefits will be paid to a Participant under the terms of the Plan after the termination of the Plan, even if the Participant was entitled to receive or was receiving Benefits prior to the complete termination of the Plan.

6.03    Successor - Unless the Plan be sooner terminated, a successor to the business of the Employer, by whatever form or manner resulting, may continue the Plan by executing an appropriate supplemental agreement and such successor shall *ipso facto* succeed to all the rights, powers and duties of the Employer hereunder.  No Employee who is continued in the employ of any successor who continues the operation of the Plan shall be deemed to have been terminated or suffered a Job Elimination for any purpose hereunder.

## SECTION 7

## MISCELLANEOUS

7.01    Construction of Plan - The Plan shall be administered in the United States of America, and its validity, construction and all rights hereunder shall be governed by the laws of the United States under the Act and the Code.  Except as otherwise provided in Section 7.03, to the extent that the Act shall not be held to have preempted local law, the Plan shall be administered under the laws of the Commonwealth of Pennsylvania.  If any provision of the Plan shall be held invalid or unenforceable, the remaining provisions hereof shall continue to be fully effective.

7.02    Special Rule for Benefits Claimed Not to Be Governed by the Act - By accepting the benefit of coverage under this Plan, an Employee agrees that in any proceeding commenced by or on behalf of any claimant (1) no Remedy shall be sought by or on behalf of any claimant and no Remedy may be provided by any tribunal, other than a Remedy that would be available in a proceeding of like kind in the case of an employee welfare benefit plan subject to the terms of Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in accordance with decisions under ERISA by the United States Supreme Court, the U.S. Court of Appeals for the Third Circuit, and the federal district courts within the Third Circuit (collectively, "the federal tribunals"); and (2) no decision or determination of the Plan Administrator shall be modified, vacated, overturned, or determined to have violated or impaired the rights of any claimant except to the extent that such decision or determination is found (solely on the basis of the record before the Plan Administrator or its delegates) to be "arbitrary and capricious" as that phrase is interpreted by the federal tribunals in cases arising under ERISA.  For purposes of this Section 7.02, "Remedy" means any form of award, judgment, order, determination, or

8

relief available from a tribunal, including any Remedy characterized as punitive, exemplary, equitable, or in any way non-remedial. By accepting the benefit of coverage under this Plan, an Employee agrees that any proceeding commenced by or on behalf of any claimant shall be tried to a court and not a jury, the right to a jury trial on any issue in such action being specifically waived.

7.03    Incompetent Participant - In making any distribution to or for the benefit of any minor or incompetent Participant, the Plan Administrator, in its sole, absolute and unfettered discretion, may, but need not, make such distribution to a legal or natural guardian or other relative of such incompetent Participant, or to any adult with whom such incompetent Participant temporarily or permanently resides, and any such guardian, committee, relative or other person shall have full authority and discretion to expend such distribution for the use and benefit of such incompetent Participant, and the receipt of such guardian, committee, relative or other person shall be a complete discharge to the Plan Administrator.

7.04    Gender and Number - Whenever used in the Plan, unless the context clearly indicates otherwise, a pronoun in either the masculine, feminine, or neuter gender shall include the others, and the singular shall include the plural and the plural the singular.

7.05    Legal Actions - Except as may be specifically provided for by law, in any action or proceeding involving the Plan, or any property constituting part or all thereof, or the administration thereof, the Company and the Plan Administrator shall be the only necessary parties, and no Employee, Participant, or any other person having or claiming to have an interest in the Plan shall be entitled to any notice of process. No action for benefits under this Plan shall be commenced unless and until the claimant has first exhausted the claims procedures under the Plan.

Except as may be specifically provided for by law, any final judgment which is not appealed or appealable that may be entered in any such action or proceeding shall be binding and conclusive on the parties hereto and all persons having or claiming to have any interest in the Plan.

7.06    Indemnification - To the extent permitted by applicable State law and to the extent not in contravention of the Act or the Code, the Employer shall indemnify and hold harmless the Plan Administrator (and if a committee is appointed as the Plan Administrator, each member of such committee) and each Employee of the Employer acting pursuant to the direction of the Plan Administrator from and against any and all liability, claims, demands, costs and expenses (including the costs and expenses of attorneys incurred in connection with the investigation or defense of claims) in any manner connected with or arising out of any actions or inactions in connection with the administration of the Plan except for any such actions or inactions which are not in good faith or which constitute willful misconduct.

9

## Severance

### Effective May 1, 2001

(revised February 18, 2002)

*The following terms supersede any and all severance plans, including the plans of predecessor or acquired entities, unless those plans remain active for a set period of time pursuant to the express requirement of a Purchase Agreement or other applicable document. Immediately following the expiration of such plans, the terms and conditions defined below will apply to any such entity as well. The Plan Administrator exercises his/her discretion in administering any item described below.*

## Severance Pay

| | |
|---|---|
| ***All severance pay is contingent upon a signed release.*** | *Eligibility for Severance Pay:* |
| | **For employees earning up to $50,000.00 annualized base salary –** |
| Eligible employees are all active regular full-time and part-time employees terminated as part of a Reduction in Force, Facility Closing or Relocation (over 50 miles), or Job Elimination. | • One (1) week's base pay for each year of service |
| | • Two (2) week's base pay minimum |
| | • Twenty-six (26) week's base pay maximum |
| Severance benefits are determined by an employee's current employment status. | **For employees earning more than $50,000.00 annualized base salary -** |
| | • One and one half (1.5) week's base pay for each year of service |
| Excluded employees: retirees, voluntarily quit, terminated for cause or unsatisfactory work performance, covered by Executive or other active Severance Agreements, covered by collective bargaining, death, disability, fail to return to work after LOA, refused transfer or offer of work. | • Four (4) week's base pay minimum |
| | • Thirty-nine (39) week's base pay maximum |
| | **For employees earning more than $100,000.00 annualized base salary -** |
| | • One and one half (1.5) week's base pay for each year of service. |
| Severance pay only includes base salary; it does not include bonuses, overtime or premium pay, commissions, allowances, or any other type of compensation. | • Twelve (12) week's base pay minimum |
| | • Fifty-two (52) week's base pay maximum |
| | **Service Years –** |
| Severance pay will be paid in installments through the normal payroll cycles once the signed release is received and processed. | Years of service are determined by rounding up to the next full year of service from the actual termination date. As an example, an employee hired on July 13, 1995, notified on October 5, 1999 and terminated on November 7, 1999 would have five (5) years service for the purpose of the severance calculation. |