LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
glafayette@lkclaw.com
TYREEN G. TORNER (State Bar No. 249980)
ttorner@lkclaw.com
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
TYCO ELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, CARLOS GALINDO,<br><br>Plaintiffs,<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation; and DOES 1 through XX,<br><br>Defendants. | Case No. CV07-5708 BZ<br><br>**DEFENDANT TYCO ELECTRONICS CORPORATION'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  March 31, 2008<br>Time:  4:00 p.m.<br>Judge: Hon. Bernard Zimmerman |

Defendant Tyco Electronics Corporation ("Defendant") hereby submits the following Separate Case Management Conference Statement.

**(1)   Jurisdiction and Service**

Plaintiffs' Complaint raises claims arising from Defendant's alleged termination of Plaintiffs "in an effort to deny Plaintiffs their full wages and benefits including severance benefits earned by agreement between the parties and California law."  (See Complaint at ¶¶ 15, 17.) Plaintiffs seek recovery of benefits under the Defendant's Employee Severance Pay Plan.  This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331 in that it arises under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. section 1001, *et seq*. This action also is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because Plaintiffs seek recovery for lost earnings, severance benefits, deferred compensation, employment benefits, lost investment earnings, compensatory damages, costs and punitive damages. Defendant has no counterclaims pending. All parties have been served and no dispute exists regarding venue.

**(2)     Factual Issues in Dispute**

Plaintiffs Luis Contreras, Saul Avila, Carlos Jaramillo, Shailendra Singh, Leslie Moore, Carlos Galindo were employees of Tyco Electronics Corporation. Plaintiff Pablo Reyes was a temporary worker assigned to Tyco Electronics Corporation. Plaintiffs used company e-mail to exchange offensive and pornographic images in violation of company policy. Defendant asserts Plaintiffs were at-will employees, and as such could be terminated for any or no reason and with or without notice and that, in any event, they were discharged with just cause and said terminations were not in violation of any federal or state statute. Defendant further asserts each Plaintiff was ineligible for benefits under the Defendant's Employee Severance Pay Plan.

**(3)     Legal Issues in Dispute**

(a)     Whether Plaintiffs were at-will employees of Defendant;

(b)     Whether Defendant wrongfully terminated Plaintiffs;

(c)     Whether Plaintiffs were eligible to receive benefits under the Employee Severance Pay Plan;

(d)     Whether Plaintiffs' Complaint is barred because Plaintiffs failed to exhaust the administrative remedies available under the Employee Severance Pay Plan;

(e)     Whether Plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq*.;

(f)     Whether Plaintiffs' claim for injunctive remedies, including but not limited to claims pursuant to Business and Professions Code section 17200, *et seq.*, are barred because Plaintiffs have an adequate remedy at law for the alleged conduct.

1  **(4)  Motions**

2  There are no pending motions.  Defendant anticipates filing a motion for summary
3  judgment.

4  **(5)  Amendment of Pleadings**

5  No amendments are expected.

6  **(6)  Evidence Preservation**

7  Defendant will preserve all documents and electronically stored information that may be
8  relevant to the standard of review or to the merits.

9  **(7)  Disclosures**

10 Defendant will serve initial disclosures pursuant to Federal Rule of Civil Procedure 26 by
11 April 7, 2008.

12 **(8)  Discovery**

13 No discovery has been taken to date.  Defendant proposes the following:

14     (a)  Limit the number of requests for admissions served by any side to no more
15 than fifty (50);

16     (b)  Limit the number of requests for production of documents served by any
17 side to another party to no more than thirty-five (35);

18     (c)  Limit the number of depositions to three (3) in addition to the depositions
19 of parties; and

20     (c)  Discovery to be completed by June 17, 2009.

21 **(9)  Class Actions**

22 N/A.

23 **(10) Related Cases**

24 None.

25 **(11) Relief**

26 Plaintiffs seek, and Defendant denies Plaintiffs are entitled to, the following relief:

27     (a)  Compensatory damages;

28     (b)  Economic damages including losses incurred in seeking substitute

employment and loss of earnings, deferred compensation and other employment benefits, lost investment earnings, together with other economic losses, in an amount to be awarded by the Court;

      (c)    Punitive damages;

      (d)    Costs of suit incurred; and

      (e)    Other and further relief as the Court may deem proper.

**(12)  Settlement and ADR**

The parties have not conferred regarding ADR.

**(13)  Consent to Magistrate Judge for All Purposes**

The parties have consented to the assigned Magistrate Judge Bernard Zimmerman.

**(14)  Other References**

The case is not is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15)  Narrowing of Issues**

Defendant reserves decision on whether the narrowing of issues can be achieved.

**(16)  Expedited Schedule**

Defendant has not agreed to an expedited schedule.

**(17)  Proposed Scheduling**

Defendant proposes the following schedule:

      (a)    Discovery to be completed by June 17, 2009;

      (b)    Non-dispositive motions to be filed no later than July 1, 2009;

      (c)    Dispositive motions to be filed no later than July 22, 2009;

      (d)    Pretrial conference on September 28, 2009; and

      (e)    Bench trial on November 10, 2009.

**(18)  Trial**

Plaintiffs have requested a jury trial. However, Defendant contends Plaintiffs have no constitutional right to jury trial because this is an action brought by participants pursuant to ERISA, 29 U.S.C. section 1001, *et seq.* (*Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991,

996 (9th Cir. 2000).)  Defendant anticipates a 7-day trial.

**(19)    Disclosure of Non-Party Interested Entities or Persons**

At this time, no such interest is known other than that of the names parties to the action.

**(20)    Other Matters**

None.

DATED:  March 24, 2008                    LAFAYETTE & KUMAGAI LLP

                                          /s/ Gary T. Lafayette
                                          GARY T. LAFAYETTE
                                          Attorneys for Defendant
                                          TYCO ELECTRONICS CORPORATION

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on March 24, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                           /s/ Gary T. Lafayette
                                          GARY T. LAFAYETTE

N:\Documents\Tyco\Cont\Pldg\Sep. Conf. Statement.doc