JOHN E. HILL (Bar No. 45338)
MICHAEL P. GUTA (Bar No. 121509)
LAW OFFICES OF JOHN E. HILL
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile:  (510) 729-6333

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, CARLOS GALINDO<br><br>Plaintiffs,<br><br>v.<br><br>TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation; and DOES I through XX<br><br>Defendant (s). | Case No. C 07-05708 BZ<br><br>PLAINTIFFS' CASE MANAGEMENT STATEMENT<br><br>CASE MANAGEMENT CONFERENCE<br><br>Date:  March 31, 2008<br>Time:  4:00 p.m.<br>Place: Ctrm G, 15th Floor |

TO THE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, and CARLOS GALINDO, Plaintiffs herein, respectfully submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1. <u>Jurisdiction and Service</u>:

The basis for subject matter jurisdiction in this diversity

080215 1                                1    PLAINTIFFS' CASE MANAGEMENT STATEMENT

1  action is that it is an action between a plaintiff resident of
2  California and defendant corporation located in Pennsylvania. The
3  amount in controversy, exclusive of interest and costs, exceeds the
4  sum of $500,000.00.
5    2. **Facts**:
6       Beginning in 1999, and continuing until March, 2007,
7  Plaintiff LUIS CONTRERAS was employed by Defendants, and each of
8  them, at their facility in County of San Mateo. Beginning in
9  September, 1997, and continuing until March, 2007, Plaintiff SAUL
10 AVILA was employed by Defendants, and each of them, at their
11 facility in County of San Mateo. Beginning in January, 1991, and
12 continuing until March 2007, Plaintiff CARLOS JARAMILLO was
13 employed by Defendants, and each of them, at their facility in
14 County of San Mateo. Beginning in October 2005, and continuing
15 until March 2007, Plaintiff PABLO REYES was employed by Defendants,
16 and each of them, at their facility in County of San Mateo.
17 Beginning in 1987, and continuing until March, 2007, Plaintiff
18 SHAILENDRA SINGH was employed by Defendants, and each of them, at
19 their facility in County of San Mateo. Beginning in March, 1986,
20 and continuing until March, 2007, Plaintiff LESLIE MOORE was
21 employed by Defendants, and each of them, at their facility in
22 County of San Mateo. Beginning in February, 1998, and continuing
23 until March, 2007, Plaintiff CARLOS GALINDO was employed by
24 Defendants, and each of them, at their facility in County of
25 Alameda.
26       Plaintiffs were terminated in violation of public policy
27
28 080215 1                           2    PLAINTIFFS' CASE MANAGEMENT STATEMENT

in an effort to deny Plaintiffs their full wages and benefits including severance benefits earned by agreement between the parties and California law. Plaintiffs were vested with severance benefits pursuant to Defendant's stated policy. Instead of terminating Plaintiffs with their vested benefits, Defendant claimed the terminations were the result of misconduct. The Defendants' conduct was in conscious disregard for Plaintiffs' rights as embodied in the above-cited statutes, causing Plaintiffs humiliation and mental anguish. Defendants' acts were in violation of Business and Professions Code Section 17200, in that they were a direct and proximate result of an unlawful, unfair, or fraudulent business act or practice.

**3. Legal Issues:**

The principal legal issues which the parties dispute:

Whether Plaintiffs were terminated in violation of public policy in an effort to deny Plaintiffs their full wages and benefits including severance benefits earned by agreement between the parties and California law.

Whether the Defendants' conduct was in conscious disregard for Plaintiffs' rights as embodied in the above-cited statutes, causing Plaintiffs humiliation and mental anguish.

Whether Defendants' acts were in violation of Business and Professions Code Section 17200, in that they were a direct and proximate result of an unlawful, unfair, or fraudulent business act or practice.

Whether plaintiffs suffered mental and/or emotional distress as a result of defendant's conduct and the nature and extent of any such mental and/or emotional distress.

Whether plaintiffs are entitled to recover attorneys fees, and the amount of any such fees.

Whether, by clear and convincing evidence, defendant acted with malice, oppression or fraud, entitling plaintiffs to punitive damages, and the amount of any such damages.

**4. Motions:** Plaintiffs may file a motion to compel Defendant to comply with FRC 26(f) disclosures which were due March 10, 2008.

**5. Amendment of Pleadings:**

None anticipated at this time.

**6. Evidence Preservation:**

Plaintiffs have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:**

Plaintiffs certify that Plaintiffs have served the following initial disclosures:

(1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(2) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are

in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(4) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

8. **Discovery:**

Plaintiffs have the following discovery plan:

(A) Plaintiff: Plaintiffs anticipate serving written discovery on Defendant, including interrogatories and request for production of documents and request for admissions. Plaintiffs may take the deposition of Defendant's Person Most Knowledgeable.

(B) Plaintiffs believe that Discovery should not be conducted in phases.

(C) Plaintiffs believe that Discovery should be limited to or focused upon the particular issues reasonably related to the claims and defenses advanced by the parties, that no changes should be made in the limitations on Discovery imposed by the FRCP or by

local rule, and that no other limitations on Discovery should be imposed.

(D) Plaintiffs anticipate that they will be better able to formulate and simplify the issues and eliminate any frivolous claims or defenses when Defendants comply with their Rule 26(f) disclosures.

(E) Plaintiffs anticipate that they will be better able to obtain admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence, during discovery and prior to the date set for trial.

(F) Expert Disclosures: During the FRCP 26(f) Conference of the Parties, Plaintiffs believe that Experts should be disclosed pursuant to FRCP 26(a)(2)(C) [at least 90 days before the trial date], and that expert reports will not be required, pursuant to FRCP 26(a)(2)(B).

Plaintiffs believe that expert reports under FRCP 26(a)(2)(B) should not be required, and only expert witness declarations by the parties' attorneys will be provided which must include the following information:

(a) A brief narrative statement of the qualifications of the expert;

(b) A brief narrative statement of the general substance of the testimony that the expert is expected to give;

(c) A representation that the expert has agreed to

testify at trial;

    (d)  A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial; and

    (e)  A statement of the expert's hourly and daily fee for providing deposition testimony and for consulting with the retaining attorney.

    The parties agree that the above manner of designating experts will better serve the litigation as both parties focus both their time and financial resources toward possible settlement rather than on the prohibitive cost and effort required for preparation of an expert report under FRCP 26(a)(2)(B).]

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

(A)  Plaintiffs pray relief as follows:

1.  Compensatory damages;
2.  For economic damages including losses incurred in seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, lost investment earnings, together with other economic losses, in an amount to be awarded by the Court;

3.    For punitive damages;

4.    For costs of suit herein incurred; and

5.    For such other and further relief as the Court may deem proper.

**12. Settlement and ADR:**

Plaintiffs select ADR L.R. Procedure No. 6 (Mediation with a court appointed mediator).

With respect to prospects of settlement and proposed date of compliance with the mediation procedure, it is the position of\ plaintiffs Defendant must comply with Rule 26(f) disclosures that the parties will have to engage in some initial discovery in order to properly value the case and that they can then discuss settlement. The parties suggest a six month deadline to participate in the ADR settlement procedure.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiffs consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**

Not applicable.

**15. Narrowing of Issues:**

None at the present time.

**16. Expedited Schedule:**

Not applicable.

**17. Scheduling:**

Completing Discovery: As this matter is currently in the

080215 1    8    PLAINTIFFS' CASE MANAGEMENT STATEMENT

preliminary stages of discovery, it is requested that adequate time be allowed for the discovery stage as many of the suggested deponents are out of state. Plaintiffs propose that the discovery cut-off date, including expert discovery, should be June 17, 2009.

Hearing Dispositive Motions: Plaintiffs propose that the last day for hearing dispositive motions shall be July 22, 2009.

Pre-trial Conference and Trial dates: Plaintiff and Defendant proposes that the Pre-trial conference shall be set for September 28, 2009, and Trial shall be set for November 10, 2009.

**18. Trial:**

Plaintiffs have requested that the case be tried before a jury.

**19. Disclosure of Non-party Interested Entities or Persons:**

As to plaintiffs: Pursuant to Civil Local Rule 3-16, the undersigned, counsel of record for Plaintiffs, certifies that as of this date, other than the named parties, there is no such interest to report. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Dated: 3/28/07

LAW OFFICES OF JOHN E. HILL

By: _____

MICHAEL P. GUTA
Attorneys for Plaintiffs

## PROOF OF SERVICE

I, Michael R. Sher, do hereby declare as follows:

I am employed in the City of Oakland and the County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is Law Offices of John E. Hill, 8105 Edgewater Drive, Suite 100, Oakland, California 94621.

On 3/28, 2008, I served the within: PLAINTIFFS' CASE MANAGEMENT STATEMENT, DECLARATION OF MICHAEL P. GUTA, by placing a true copy thereof in a sealed envelope, addressed as follows:

Gary Lafayette, Esq.
C/o LAFAYETTE & KUMAGAI
100 Spear Street, Ste 600
San Francisco, CA 94105
(415) 357-4600
Fax: (415) 357-4605

__x__ (Electronically) In accordance with the local rules of Court
____ (By Mail) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.
____ (By Personal Service) I caused each such envelope to be delivered by hand to the offices of each addressee above.
____ (Telecopier) I caused each such document to be delivered by telecopier to the offices of each addressee above.
____ (Federal Express Mail) I caused each such document to be delivered by hand to the offices of each addressee by Federal Express, over night service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___3/28___, 2008, at Oakland, California.

_____
MICHAEL R. SHER

080215 1                                        10   PLAINTIFFS' CASE MANAGEMENT STATEMENT