UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS CONTRERAS, et. al,

        Plaintiff(s),    No. C07-5708 BZ

   v.                    **ORDER SCHEDULING JURY TRIAL AND PRETRIAL MATTERS**

TYCO ELECTRONICS CORPORATION,

        Defendant(s).

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statements are adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: **Monday, 6/8/2009 at 8:30 a.m., 7 days**

Pretrial Conference: **Tuesday, 5/19/2009, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 3/25/2009**

Last Day for Expert Discovery: **Friday, 2/13/2009**

Last Day for Expert Disclosure: **Friday, 2/06/2009**

Close of Non-expert Discovery: **Friday, 1/30/2009**

2. <u>DISCLOSURE AND DISCOVERY</u>

1

1      At the conference, the parties agreed to meet and confer
2 and, by no later than **April 14, 2008**, submit a proposed
3 discovery plan for the court's approval.
4      The parties are reminded, and were warned during the
5 conference, that a failure to voluntarily disclose information
6 pursuant to Federal Rule of Civil Procedure 26(a) or to
7 supplement disclosures or discovery responses pursuant to Rule
8 26(e) may result in exclusionary sanctions.  Thirty days prior
9 to the close of non-expert discovery, lead counsel for each
10 party shall serve and file a certification that all
11 supplementation has been completed.
12      In the event a discovery dispute arises, **lead counsel** for
13 each party shall meet in person or, if counsel are outside the
14 Bay Area, by telephone and make a good faith effort to resolve
15 their dispute.  Exchanging letters or telephone messages about
16 the dispute is insufficient.  The Court does not read
17 subsequent positioning letters; parties shall instead make a
18 contemporaneous record of their meeting using a tape recorder
19 or a court reporter.
20      In the event they cannot resolve their dispute, the
21 parties must participate in a telephone conference with the
22 Court **before** filing any discovery motions or other papers.
23 The party seeking discovery shall request a conference in a
24 letter filed electronically not exceeding two pages (with no
25 attachments) which briefly explains the nature of the action
26 and the issues in dispute.  Other parties shall reply in
27 similar fashion within two days of receiving the letter
28 requesting the conference.  The Court will contact the parties

2

1  to schedule the conference.

2  3.    MOTIONS

3       Consult Civil Local Rules 7-1 through 7-5 and this
4  Court's standing orders regarding motion practice.  Motions
5  for **summary judgment** shall be accompanied by a statement of
6  the material facts not in dispute supported by citations to
7  admissible evidence.  The parties shall file a joint statement
8  of undisputed facts where possible.  If the parties are unable
9  to reach complete agreement after meeting and conferring, they
10 shall file a joint statement of the undisputed facts about
11 which they do agree.  Any party may then file a separate
12 statement of the additional facts that the party contends are
13 undisputed.  A party who without substantial justification
14 contends that a fact is in dispute is subject to sanctions.

15      A Chambers copy of all briefs shall be e-mailed in
16 WordPerfect or Word format to the following address:
17 bzpo@cand.uscourts.gov.

18 4.    EARLY NEUTRAL EVALUATION

19      By agreement of the parties, this matter has been
20 referred for an Early Neutral Evaluation.  The parties shall
21 promptly notify the Court whether the case is resolved at the
22 Early Neutral Evaluation.

23 5.    SETTLEMENT

24      This case has been referred for assignment to a
25 Magistrate Judge to conduct a settlement conference in the
26 event the case is not resolved at the Early Neutral Evaluation
27 in January or February of 2009.  Counsel will be contacted by
28 that judge's chambers with a date and time for the conference.

6.  <u>PRETRIAL CONFERENCE</u>

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty-one days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, <u>Daubert</u> motions, motions *in limine*, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver one <u>extra</u> set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders. Each exhibit shall be marked with an exhibit label as contained in **Attachment 2**. The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits. All <u>Daubert</u> motions,

motions *in limine*, and objections will be heard at the pretrial conference.  Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness.  <u>Daubert</u> motions and motion *in limine* shall be filed and served not less than twenty days prior to the conference.  Oppositions shall be filed and served not less than eleven days prior to the conference.  There shall be no replies.

Not less than twenty-one days prior to the pretrial conference the parties shall serve and file requested voir dire questions, jury instructions, and forms of verdict.  The following jury instructions from the *Manual of Model Civil Jury Instructions for the Ninth Circuit* (2007 ed.) will be given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11, 3.1-3.3.  Do not submit a copy of these instructions.  Counsel shall submit a joint set of case specific instructions.  Any instructions on which the parties cannot agree may be submitted separately.  The Ninth Circuit Manual should be used where possible.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based.  Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source.  Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated.  In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order.  Not less than eleven days prior to the pretrial

1  conference, the parties shall serve and file any objections to
2  separately proposed jury instructions.
3      Jury instructions that the Court has given in prior cases
4  may be downloaded from the Northern District website at
5  **http:\\www.cand.uscourts.gov**.  (Instructions are located on
6  the "Judge Information" page for Magistrate Judge Zimmerman.)
7  The Court will generally give the same instructions in cases
8  involving similar claims unless a party establishes, with
9  supporting authorities, that the instruction is no longer
10 correct or that a different instruction should be given.  CACI
11 instructions generally will be given instead of BAJI
12 instructions.
13     All motions, proposed findings of fact and conclusions of
14 law and trial briefs shall be e-mailed in WordPerfect or Word
15 format to the following address: bzpo@cand.uscourts.gov.
16     At the time of filing the original with the Clerk's
17 Office, two copies of all documents (but only one copy of the
18 exhibits) shall be delivered directly to Chambers (Room 15-
19 6688).  Chambers' copies of all pretrial documents shall be
20 three-hole punched at the side, suitable for insertion into
21 standard, three-ring binders.
22 Dated: April 3, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

27  G:\BZALL\-BZCASES\CONTRERAS\ORDER SCHEDULING JURY TRIAL.wpd

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

7

made to resolve disputes over anticipated testimony, exhibits and witnesses.

  (A) Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

  (B) Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

  (C) Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

  (D) Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

 (4) **Trial Alternatives and Options.**

  (A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

  (B) Amendments, Dismissals. A statement of requested or

```
                    proposed amendments to
                    pleadings or dismissals of
                    parties, claims or defenses.

          (C)   Bifurcation, Separate Trial of
                Issues. A statement of whether
                bifurcation or a separate
                trial of specific issues is
                feasible and desired.
```

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

**USDC**
Case No. CV07-05708 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV07-05708 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-05708 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV07-05708 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-05708 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV07-05708 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-05708 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV07-05708 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-05708 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV07-05708 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV07-05708 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV07-05708 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\BZALL\-BZCASES\CONTRERAS\ORDER SCHEDULING JURY TRIAL.wpd 11