LAW OFFICES OF JOHN E. HILL
JOHN E. HILL (State Bar No. 45338)
johnhill-law@msn.com
MICHAEL P. GUTA (State Bar No. 121509)
johnhill-law@msn.com
8105 Edgewater Drive, Suite 100
Oakland, CA 94621
Telephone:   (510) 588-1000
Facsimile:    (510) 729-6333

Attorneys for Plaintiffs
LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, CARLOS GALINDO

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
glafayette@lkclaw.com
TYREEN G. TORNER (State Bar No. 249980)
ttorner@lkclaw.com
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
TYCO ELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CONTRERAS, SAUL AVILA, CARLOS JARAMILLO, PABLO REYES, SHAILENDRA SINGH, LESLIE MOORE, CARLOS GALINDO,<br><br>Plaintiffs,<br><br>vs.<br><br>TYCO ELECTRONICS CORPORATION, a Pennsylvania corporation; and DOES 1 through XX,<br><br>Defendants. | Case No. CV07-5708 BZ<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action, having agreed to participate in the Court's Early Neutral Evaluation program, hereby enter into this stipulation for protective order as follows:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

///

2.6   Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.  Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8   Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential."

2.9.  Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  House Counsel: Attorneys who are employees of a Party.

2.11  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12  Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

///

///

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.

(a) In designating materials, documents or portions thereof as confidential, the Producing Party shall mark every page and/or significant component, which contained Confidential Information, with the appropriate "CONFIDENTIAL" stamp. Notwithstanding the foregoing sentence, a cover letter may be used to designate certain materials, such as computer data, where stamping would be impractical or impossible.

///

(b) A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") as described in section 5.2(a), above.

(c) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of the Stipulated Protected Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge

1  promptly after the original designation is disclosed.

2       6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating
3  Party's confidentiality designation must do so in good faith and must begin the process by
4  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
5  with counsel for the Designating Party. In conferring, the challenging Party must explain the basis
6  for its belief that the confidentiality designation was not proper and must give the Designating
7  Party an opportunity to review the designated material, to reconsider the circumstances, and, if no
8  change in designation is offered, to explain the basis for the chosen designation. A challenging
9  Party may proceed to the next stage of the challenge process only if it has engaged in this meet and
10 confer process first.

11      6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality
12 designation after considering the justification offered by the Designating Party may file and serve
13 a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
14 that identifies the challenged material and sets forth in detail the basis for the challenge. Each
15 such motion must be accompanied by a competent declaration that affirms that the movant has
16 complied with the meet and confer requirements imposed in the preceding paragraph and that sets
17 forth with specificity the justification for the confidentiality designation that was given by the
18 Designating Party in the meet and confer dialogue.

19 The burden of persuasion in any such challenge proceeding shall be on the Designating
20 Party. Until the court rules on the challenge, all parties shall continue to afford the material in
21 question the protection provided under this Order.

22

23 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

24      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed
25 or produced by another Party or by a non-party in connection with this case only for prosecuting,
26 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
27 the categories of persons and under the conditions described in this Order. When the litigation has
28 been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

1  DISPOSITION).

2  Protected Material must be stored and maintained by a Receiving Party at a location and in
3  a secure manner that ensures that access is limited to the persons authorized under this Order.

4  7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
5  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
6  disclose any information or item designated CONFIDENTIAL only to:

7  (a)  counsel of record for the party to whom such documents or materials are
8  produced or given, including co-counsel of record and the legal associates, paralegals, clerical or
9  other support staff or services of such counsel or co-counsel assigned to assist such counsel in the
10  preparation of this litigation;

11  (b)  Tyco Electronics Corporation, including but not limited to their counsel,
12  including paralegals, clerical or other support staff or services and any current and/or former
13  officers, directors, managers, supervisors or other employees with responsibilities related to the
14  subject matter of this litigation;

15  (c)  the named plaintiffs Luis Contreras, Saul Avila, Carlos Jaramillo, Pablo
16  Reyes, Shailendra Singh, Leslie Moore, Carlos Galindo;

17  (d)  experts (as defined in this Order) of the Receiving Party to whom disclosure
18  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
19  Protective Order" (Exhibit A);

20  (e)  the Court and its personnel;

21  (f)  court reporters, their staffs, and professional vendors to whom disclosure is
22  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
23  Protective Order" (Exhibit A);

24  (g)  during their depositions, witnesses in the action to whom disclosure is
25  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
26  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal
27  Protected Material must be separately bound by the court reporter and may not be disclosed to
28  anyone except as permitted under this Stipulated Protective Order.

(h)   the author of the document or the original source of the information.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///

12.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: 5/13/08

MICHAEL P. GUTA
Attorneys for Plaintiffs

DATED: 6/3/08

GARY T. LAFAYETTE
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: June 4, 2008

HON. BERNARD ZIMMERMAN
United States District/Magistrate Judge

Tyco\Cont\Pldg\Stip Protective Order.doc



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Bernard Zimmerman

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

STIPULATED PROTECTIVE ORDER
Case No. CV07-5708 BZ

10

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of <u>Luis Contreras, et al. v. Tyco Electronic Corporation</u>, Action Number C07-5708 BZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

STIPULATED PROTECTIVE ORDER
Case No. CV07-5708 BZ

11

## CERTIFICATE OF SERVICE

1  
2     I certify that a copy of this document was served electronically on June 3, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the  
3  Court's ECF system.

4                                     */s/ Gary T. Lafayette*  
                                        GARY T. LAFAYETTE

5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

LAFAYETTE & KUMAGAI LLP  
ATTORNEYS AT LAW  
100 SPEAR STREET, SUITE 600  
SAN FRANCISCO, CALIFORNIA 94105  
(415) 357-4600  
FAX (415) 357-4605

STIPULATED PROTECTIVE ORDER  
Case No. CV07-5708 BZ                                       12