IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CONTRERAS, et al., | No. C 07-05708 CRB |
| Plaintiffs, | **ORDER GRANTING SUMMARY JUDGMENT** |
| v. | |
| TYCO ELECTRONICS CORPORATION, | |
| Defendant. / | |

Defendant Tyco Electronics ("Tyco") moves for summary judgment as to Plaintiffs' wrongful termination and section 17200 claims on two grounds. First, that Plaintiffs were at-will employees. Second, that, even if Plaintiffs were not at-will employees, they were terminated for cause (viewing and forwarding pornography at work from work email accounts). The Court ruled on the first issue some time ago, holding that there were genuine issues of material fact as to whether Plaintiffs' employment was at-will.[1] May 8, 2009 Order (Dkt. 66) at 7. The second issue – termination for cause – has not been addressed by the Court.

//

//

//

---

[1] That ruling was without prejudice because the summary judgment motion was made early in the litigation without the benefit of a fully developed factual record.

Tyco's Motion for Summary Judgment is GRANTED because Plaintiffs were at-will employees, and this case is DISMISSED.[2]

## I. BACKGROUND

Plaintiffs were employees of Tyco (and its predecessor) for several years. Their employment was terminated after Tyco discovered that pornographic emails had been sent from their password protected work email accounts. Plaintiffs brought suit for wrongful termination, wrongful termination in violation of public policy, and violation of California Business & Professions Code § 17200. See First Amended Cmpl. ("FAC") (Dkt. 45) ¶¶ 7-9.

Relatively early in the case, Tyco moved for summary judgment arguing, among other things, that Plaintiffs were at-will employees. The Court granted Tyco's motion in part and denied it in part. Specifically, the Court denied summary judgment as to Plaintiffs' claims for wrongful termination and violation of the California Business and Professions Code.[3] This was because the Court found, on the then existing record, that it could not say as a matter of law that Plaintiffs were at will employees.

Tyco has once again filed for summary judgment, now on the basis of a complete record.

## II. LEGAL STANDARD

Summary judgment is properly entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The movant bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144,

---

[2] The determination that Plaintiffs have failed to create a triable issue as to the existence of an employment agreement disposes of the case because Plaintiffs' wrongful termination and unfair business practices claims turn in the first instance on the existence of such an agreement.

[3] The Court granted Tyco summary judgment as to Plaintiffs' claim for wrongful termination in violation of public policy.

2

157 (1970). The movant is not required to produce evidence negating the non-movant's claims. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990) ("[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues").  If the movant carries its burden, the burden shifts to the nonmoving party to establish facts beyond the pleadings showing there remains a triable issue of disputed material fact so that summary judgment is not appropriate. Celotex, 477 U.S. at 324; Adickes, 398 U.S. at 157.

To successfully rebut a properly supported summary judgment motion, the non-moving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [nonmoving party's] favor, could convince a reasonable jury to find for [that party]." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000).  The non-moving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party may not rest on conclusory allegations or mere assertions.  Rather, it must present significant probative evidence of specific facts raising a material issue that "can be resolved only by a finder of fact because [the issue] may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 249-50, 256.

**III. DISCUSSION**

    **A.     Plaintiffs Were At-Will Employees**

        **1.     The Prior Motion for Summary Judgment**

As mentioned, before any depositions had been taken, Tyco moved for summary judgment on the ground that Plaintiffs were at-will employees who could be fired for any reason or no reason. See First Mot. for S.J. (Dkt. 46).  Tyco supported its "at will employment" argument with three connected pieces of evidence.

First, Tyco pointed out that, in 2002, each Plaintiff signed Tyco's Employee Confidentiality and Invention Assignment Agreement ("Confidentiality Agreement"). The Confidentiality Agreement provided, among other things, the following:

> 10. <u>No Contract of Employment</u>. I agree that this Agreement is not a contract of employment, and no rights to employment, continued employment, advancement, or reassignment are hereby created. I also understand that my employment with TYCO is at will, which means that either I or TYCO may terminate the relationship with or without cause at any time without notice for any or no reason, and nothing in this Agreement alters this relationship.
>
> . . .
>
> 16. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties related to the subject matter herein. No future agreement or understanding may modify or supplement this Agreement, unless confirmed in writing and signed by you and a duly authorized representative of Tyco.

Second, the Employee Handbook in effect when Plaintiffs were fired provided, among other things, as follows:

> THE HANDBOOK IS NOT A CONTRACT, NOR SHOULD ANY PART BE INTERPRETED TO IMPLY ANY CONTRACT. Employment with Tyco Electronics is not for a definite term. Tyco Electronics or the employee can terminate employment at any time, for any reason or for no reason.
>
> . . .
>
> As explained previously, the employment relationship with Tyco Electronics is "at will" which means that either the employee or Tyco Electronics can terminate the employment relationship at any time, with or without advance notice, and with or without cause.
>
> . . .
>
> Unauthorized or inappropriate use of Tyco Electronics' electronic information and communication systems may result in disciplinary action, up to and including immediate termination.

Finally, Tyco relied upon the presumption of at-will employment in California. Cal. Labor Code § 2922.

4

1    The Court rejected Tyco's arguments and denied summary judgment without
2 prejudice. The Confidentiality Agreement was not determinative because it was not a
3 "written employment contract." May 8, 2009 Order (Dkt. 4) at 5 (citing Dore v. Arnold
4 Worldwide, Inc., 39 Cal. 4th 384, 389 (2006)). It was not a "written employment contract"
5 because its primary purpose was to set forth employees' confidentiality obligations, not their
6 terms of employment. Id. Moreover, the Confidentiality Agreement was "not issued
7 simultaneously or contemporaneously with the hiring of an employee" and was "so
8 peripherally or tangentially related to employment that it would be unfair to charge
9 [Plaintiffs] with notice of its terms." Id. at 5-6 (quoting Cruey v. Gannett Co., 64 Cal. App.
10 4th 356, 362-63 (1998)). Finally, conduct subsequent to the Confidentiality Agreement
11 might have manifested a clear intent that the express terms setting forth employment at-will
12 would not be controlling. Id. at 6 (citing Cruey, 64 Cal. App. 4th at 362-63).
13    After concluding that there was no express employment agreement, the Court turned
14 to the question whether there was a genuine dispute of material fact as to the existence of an
15 implied-in-fact contract of employment. The Court held that it could not determine as a
16 matter of law that Plaintiffs' employment was at-will. Id. Of particular concern to the Court
17 was that, when the first motion for summary judgment was filed, Plaintiffs had not yet had an
18 opportunity to fully develop the record as to the existence of an implied employment
19 contract. Id.

### 2. The Current Motion

#### a. There Was No Express Employment Agreement

22    Tyco still relies on the Employee Handbook and the Confidentiality Agreement as
23 providing incontrovertible proof of an at-will employment relationship. However, this Court
24 has already rejected that argument and declines to reconsider that ruling.
25 //
26 //
27 //
28 //

5

### b. There is Insufficient Evidence to Create a Triable Issue as to the Existence of an Implied Employment Agreement

Plaintiffs have now had a complete opportunity to develop the record as to the existence of an implied employment contract. They have not developed that record enough to create a triable issue of fact. Summary Judgment is therefore warranted.[4]

Whether an implied-in-fact employment contract existed turns on the totality of the circumstances. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 681 (1988). "[T]he issue is whether [] evidence of the parties' conduct has a 'tendency in reason' to demonstrate the existence of an <u>actual mutual understanding on particular terms and conditions of employment</u>." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 337 (2000) (internal citation omitted) (emphasis added). In determining whether there was an implied-in-fact employment contract a court can consider several factors, including (1) personnel policies or practices of the employer; (2) the employee's longevity of service; (3) actions or communications by the employer reflecting assurances of continued employment; and (4) practices of the industry in which the employee is engaged. Foley, 47 Cal. 3d at 680 (quoting Pugh v. See's Candies, Inc., 116 Cal. App. 3d 311, 327 (1981)). The Court will review the three relevant factors below.[5]

(1) <u>Personnel Policies</u>. Tyco's personnel policies clearly do <u>not</u> provide any evidence to overcome the presumption of at-will employment. As discussed above, those policies provide Tyco's official position, which is that no employment contract existed and Plaintiffs were at-will employees.

Plaintiffs point out that, notwithstanding Tyco's stated policies, Plaintiffs' personnel files state that they were fired for "just cause." This, in Plaintiffs' view, shows that Tyco itself believed that cause was necessary and that, therefore, Plaintiffs must have had an implied employment contract. This argument is too clever by half. At-will employees, just

---

[4] The Court's determination that Plaintiffs have not created a triable issue as to their employment status obviates the need for the Court to address Tyco's second ground for summary judgment – that there are no genuine disputes of material fact as to whether Plaintiffs were terminated for cause.

[5] Neither party appears to refer to industry practice.

6

like employees operating with employment contracts, can be fired for cause. Accordingly, providing in a personnel file that an employee was terminated "for cause" is irrelevant to whether the employee had an implied employment contract. The fact that you do not need a reason to fire an at-will employee does not mean that, if you provide a reason, you have converted the employee from at-will status.

(2) <u>Longevity of service</u>. Although Plaintiffs had served as employees for relatively lengthy periods of time before they were fired, length of service cannot form the basis for an implied-in-fact contract. <u>Guz</u>, 24 Cal. 4th at 337 ("Absent other evidence of the employer's intent, longevity, raises and promotions are their own rewards for the employee's continuing valued service; they do not, in and of themselves, additionally constitute a contractual guarantee of future employment security.").

(3) <u>"Actions or communications reflecting assurance of continued employment."</u> This is the heart of the inquiry in this case because Plaintiffs assert that they were told that they had long-term futures with the company and could only be fired for cause.

Below is a review of Plaintiffs' evidence as to the existence of an implied employment contract.

**Deposition Testimony**

<u>Carlos Jaramillo</u>: He testified that there was a meeting every year at which he was told he would be an employee for a long time if he complied with the rules. Jaramillo Dep. (Dkt. 103-3) at 42. He also says that he was further told that (1) "as long as the production was keeping up with the shipments, we would look for a long-term career" and (2) Tyco wanted a long-term commitment from him. <u>Id.</u> at 42, 45, 80, 92, 93. He further testified that he was told that he thought he could be fired only if he broke the attendance policy. <u>Id.</u> at 43.

<u>Luis Contreras</u>: He testified that Tyco told him that "as long as we would be loyal to them, we would have a long-term employee." Contreras Dep. (Dkt. 103-6) at 60. He also said that he was told that Tyco could only fire him if they had a reason. <u>Id.</u> at 70-71. He later testified, however, that no one at Tyco ever told him that they could only fire him if they had a reason. Simon Decl. (Dkt. 96) Ex. B at 73.

7

<u>Saul Avila</u>:  No one ever told him that they could not terminate his employment without cause, and he was "never told that [he] was a contracted employee."  Avila Dep. (Dkt. 103-7) at 155, 173.  However, he also testified that he was told that the job was his for as long as he wanted it.  <u>Id.</u>  Specifically, he was told that "as long as I continue to do my job and perform the way I've been performing, that I could only move up."  <u>Id.</u> at 156, 174.

<u>Shailendra Singh</u>:  Singh testified at deposition that "[i]f I didn't do anything wrong, there is no way they could fire me."  Singh Dep. (Dkt. 103-2) at 49.

<u>Leslie Moore</u>:  Moore testified that he was <u>not</u> given a specific promise of long-term employment.  Moore Dep. (Dkt. 103-4) at 62.  He also said that he was never given a deal whereby Tyco would promise him long-term employment if he agreed to certain conditions.  <u>Id.</u>  However, he says that he was told by several people that he could only be fired if he engaged in certain prohibited conduct.  <u>Id.</u> at 63.

<u>Carlos Galindo</u>:  Galindo testified that no one ever told him that he had a job for his entire career.  Galindo (Dkt. 103-5) at 76.  However, he says that he was told that he would have a job as long as he followed Tyco's rules.  <u>Id.</u>

**Declarations**

Plaintiffs also provided essentially identical Declarations on this issue.  They claim they were told that (1) they should view their employment as a long-term career; and (2) after they advanced to full-time status they would remain Tyco employees as long as they completed their assigned tasks and barring any layoffs for a reduction in force.  Plaintiffs' Declarations (Dkts. 104-109) ¶ 2.

\* \* \*

The foregoing evidence is insufficient to create a triable issue as to the existence of an implied contract of employment.  <u>Kovatch v. Ca. Cas. Mngt. Co.</u>, 65 Cal. App. 4th 1256, 1275 (1998) ("[E]vidence of positive performance reviews, commendations, salary increases, and vague assurances that he would become a sales manager was not sufficient to create a triable issue of fact as to whether the parties had implicitly agreed that CCMC's right to terminate Kovatch would be limited.  Most of those factors are 'natural occurrences of an

8

1 employee who remains with an employer for a substantial length of time.'") (quoting Miller
2 v. Pepsi-Cola Bottling Co., 210 Cal. App. 3d 1554, 1559 (1989)); See also Nguyen v.
3 Affiliated Computer Serv., Inc., No. G036717, 2006 WL 3586526, at *3 (Cal. App. 4th Dist.
4 Dec. 11, 2006) (noting, in dicta, that "[v]erbal statements by [Plaintiff's] supervisors that he
5 would have steady, long-term employment . . ., [Plaintiff's] 11-year employment, and his
6 positive performance evaluations are not, as a matter of law, sufficient to overcome the
7 presumption of at-will employment . . . ."); Hamrick v. Horace Mann Cos., No. B180581,
8 2006 WL 1074672, at *5 (Cal. App. 4th Dist. Apr. 25, 2006) ("verbal assurances that [an
9 employer's representative] anticipated plaintiff would enjoy long-term employment do not
10 raise a triable issue of material fact as to plaintiff's at-will status.").

11 In particular, Plaintiffs' deposition testimony and Declarations fall woefully short of
12 evidence of mutual assent to "particular terms and conditions of employment." Guz, 24 Cal.
13 4th at 337 (internal citation omitted). Indeed, there is essentially no evidence as to any
14 particular term or condition of employment. This is simply insufficient, as a matter of law, to
15 create a triable issue. See, e.g., Michaelson v. Law Offices of Marsha Munemura, No.
16 B197814, 2008 WL 4560095, at *4-*5 (Cal. App. 2d Dist. Oct. 14, 2008) (no triable issue as
17 to existence of implied employment contract notwithstanding verbal statements from
18 superiors that "if I did my job in a manner in which it was accepted, I would be employed . . .
19 as long as I would like to be employed" because such "statements were merely optimistic
20 expressions of 'contemporaneous hope and expectation that [plaintiff] would enjoy a lengthy
21 tenure at the company if she so desired.'") (citation omitted); Intiso v. Turtle By Exploration
22 Park, No. C047150, 2006 WL 226733, at *6 (Cal. App. 3d Jan. 31, 2006) (holding that oral
23 statements by a company president that employees would not be laid off or terminated did
24 not create an implied employment contract because they flew in the face of the company's
25 written policy of at-will employment and did not show a mutual understanding that a contract
26 for employment existed).
27 //
28

## IV. CONCLUSION

Plaintiffs have not created a triable issue of fact as to whether they had an implied-in-fact contract of employment. California presumes that employees are at-will, and Tyco's Employee Handbook and the Confidentially Agreement (which all Plaintiffs signed) reinforced that presumption. Plaintiffs' evidence that an implied contract nevertheless existed consists of vague and generalized assurances from often un-identified "management" that Plaintiffs would have a future with the company provided they did not break any rules. Even taking this evidence in the light most favorable to Plaintiffs and ignoring the often self-contradictory aspects, it is insufficient to create a triable issue as to the existence of an implied employment contract because Plaintiffs' evidence does not have a "tendency in reason" to show a mutual agreement to alter at-will employment status in accordance with particular terms of employment.

Accordingly, Tyco's Motion for Summary Judgment is GRANTED, and this case is DISMISSED.

**IT IS SO ORDERED.**

Dated: December 8, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE